UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ARKLA WORKFORCE SOLUTIONS** | CIV. ACTION NO. 3:23-01195 |
| **VERSUS** | JUDGE TERRY A. DOUGHTY |
| **FOSTER POULTRY FARMS L L C** | MAG. JUDGE KAYLA D. MCCLUSKY |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for jurisdictional discovery [doc. #34] filed by Plaintiff Arkla Workforce Solutions, LLC. The motion is opposed. [doc. #36].

For reasons assigned below, it is recommended that the motion be DENIED and the case DISMISSED WITHOUT PREJUDICE.

Background

Arkla Workforce Solutions, LLC ("Arkla") filed the instant complaint against Foster Poultry Farms LLC ("Foster") on August 31, 2023. [doc. #1]. The suit arises from an agreement signed on September 30, 2021, under which Arkla was to provide workers for Foster's poultry production facility in Union Parish, Louisiana. *Id.* at pp. 2-3. Workers covered by the agreement were to be Arkla employees. *Id.* at p. 3. Starting in 2022, Foster allegedly began attempts to directly hire Arkla employees in violation of the agreement. *Id.* at p. 4. Arkla now seeks relief for alleged breach of contract and unfair and deceptive acts. *Id.* at pp. 5-6.

Arkla filed an initial diversity jurisdiction disclosure statement on September 7, 2023, indicating that it is a limited liability company ("LLC") "organized in the State of Louisiana" with a principal place of business in Louisiana. [doc. #6]. Foster filed a diversity jurisdiction

disclosure statement of its own on November 27, 2023, wherein it described itself as a citizen of Louisiana. [doc. #13]. An amended version of Foster's disclosure statement was filed on January 3, 2024, which corrected (but redacted) the identity of the constituent members that give rise to its Louisiana citizenship. [doc. #16]. An unredacted version of the statement was filed on January 12, 2024,[1] which provides as follows:

> Defendant is a limited liability company who, for federal diversity purposes, is a citizen of (among other states) Louisiana through the citizenship of two of its member's members, the latter of who [sic] are identified as follows: The Administrators of the Tulane Educational Fund; The Administrators of the Tulane Educational Fund – Eminent Scholars; Franciscan Missionaries of Our Lady Health System Master Retirement Trust; and The Administrators of the Tulane Educational Fund.

[doc. #19]. Arkla filed an updated disclosure statement on March 11, 2024, which indicated its two members were citizens of Louisiana.[2] [doc. #32].

On March 25, 2024, Arkla filed the instant motion for jurisdictional discovery. [doc. #34]. Arkla requests production of "(1) a list of every member of Foster . . . [which it] asserts to be non-diverse; (2) the class of each member identified in (1); (3) each member's address; and (4) the date each member acquired its interest in Foster. . . ." *Id.* at p. 2. Foster filed its opposition to the motion on April 15, 2024, [doc. #36], to which Arkla replied to on April 22, 2024. [doc. #37].

Briefing is complete. Accordingly, this matter is ripe.

---

[1] Defendant originally filed the unredacted version of the disclosure statement under seal, but that seal was lifted by order of the Court on March 20, 2024. [doc. #33].

[2] According to Arkla, it is "comprised of two members," who are identified as individuals, Johnny E. Dollar and Willie T. Sensley, Jr., both of whom have listed addresses in Farmerville, Louisiana. [doc. #32]. While Arkla also explains that it was organized under the laws of the State of Louisiana and has a principal place of business in Louisiana, those two facts have no bearing on jurisdiction.

2

## Analysis

**I.   Legal Standard**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Consequently, courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions" – even if "the parties either overlook or elect not to press [said questions.]" *Henderson* ex rel. *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). One form of federal court jurisdiction is diversity jurisdiction, which exists when (1) the amount in controversy exceeds $75,000 and (2) the adverse parties are citizens of different states. 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all of its members. *Acadian Diagnostic Labs., LLC v. Quality Toxicology, LLC*, 965 F.3d 404, 408 n.1 (5th Cir. 2020). Therefore, in order to establish diversity, a party must allege the citizenship of every member of an LLC. *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). If members are themselves LLCs, the citizenship of the constituent entities "must be traced through however many layers of [constituents] there may be." *Rodadico, Inc. v. Chesapeake Energy Louisiana Corp.*, No. 18-0316, 2018 WL 3551525, at *1 (W.D. La. July 24, 2018) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009)). The party asserting jurisdiction bears the burden to establish that diversity jurisdiction is present. *Aetna Casualty & Surety Co. v. Hillman,* 796 F.2d 770, 775 (5th Cir. 1986).

To ensure a federal court has jurisdiction over a given case, limited jurisdictional discovery may be permitted. *See Silver v. Forest River, Inc.*, No. 22-00138, 2022 WL 18671511, at *1 (W.D. La. Sept. 21, 2022) ("If the court chooses to allow additional discovery, it should be

limited to only that which is necessary to determine the preliminary jurisdictional issue."). Such discovery is improper "if the record shows that [it] is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Barber v. United States*, 642 F.App'x 411, 415 (5th Cir. 2016) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). The Fifth Circuit has endorsed courts relying on evidence in the record, such as declarations, when determining whether to permit jurisdictional discovery. *Alphonse v. Arch Bay Holdings, LLC*, 618 F.App'x 765, 769 (5th Cir. 2015). The party requesting discovery bears the burden of demonstrating its necessity. *Davila*, 713 F.3d at 264.

II. **Discussion**

Arkla asserts jurisdiction solely based upon § 1332. [doc. #1, p. 2]. The parties do not dispute whether the amount in controversy requirement has been met. Rather, they contest whether the parties are completely diverse.

Arkla has indicated that it is a citizen of Louisiana, listing only two Louisiana domicilaries as members. [doc. #32]. In its Complaint, Arkla alleged that Foster "is a California limited liability company doing business in Union Parish" with a "registered office in Louisiana . . ." [doc. .#1, ¶ 3]. However, in its diversity jurisdiction disclosure statement, Foster indicates that it is a citizen of, among other states, Louisiana through the citizenship of two of its members' members. [doc. #19, pp. 1-2]. Foster also previously submitted the declaration of its Associate General Counsel, who stated in a sworn declaration that "[t]he entities listed [in that statement] are correctly identified as passive owners of Foster, which are, in fact, citizens of the

4

State of Louisiana." [doc. #17-2, p. 1].  The parties thus appear to be non-diverse, preventing this Court from exercising subject matter jurisdiction over the case.[3]

Arkla does not contest the veracity of Foster's diversity statement, nor does it argue that the requested jurisdictional discovery will undermine the statement's accuracy.  Arkla argues that the diversity statement "serves only to confuse [jurisdictional] analysis because it does not identify the non-diverse entities as members." [doc. #37, p. 3].[4]  Regardless, Foster is a citizen of Louisiana "through the citizenship of *two of its member's members*." [doc. #19, p. 1] (emphasis added).[5]  Arkla has failed to put forth a meaningful argument that jurisdictional discovery will contradict or otherwise upset Foster's declared Louisiana citizenship.  As discussed *supra*, to support subject matter jurisdiction, each entity in the chain of membership must be diverse.  *See also Stephens Prod. Co. v. Wildhorse Res. II, LLC*, No. 15-167, 2015 WL 4406017, at * 1 (W.D. La. 2015) ("When an LLC has a member which is also an LLC, the citizenship of the member LLC must be traced through however many layers of partners and

---

[3] Arkla points out that there have been "a string of errors and inconsistencies Foster has made in its attempts to identify and seal the identities of those non-diverse members." [doc. #34-1]. However, it appears to the undersigned that Foster's only substantive factual error was the original identification of Louisiana State University, rather than the identified Tulane-related entities, as a member's member.  The undersigned acknowledges her own mistakes in the procedural process.  Those issues aside, however, Foster has consistently maintained, and Arkla has offered no basis for challenging, that it has more than one Louisiana entity in its chain of membership, thereby negating the Court's ability to exercise diversity jurisdiction.

[4] Arkla also expresses concern that Foster "does not identify the non-diverse entities as members; rather they are described as investors and 'passive owners.'" *Id.* at p. 3.  The undersigned emphasizes that the ultimate concern is the citizenship of these entities, not their status.

[5] For example, the Administrators of the Tulane Educational Fund is a non-profit corporation incorporated in Louisiana.  The Administrators of the Tulane Educational Fund, LOUISIANA BUSINESS FILINGS, https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=17379_60EAD7A87E.  The non-diversity of this member **alone** is sufficient to destroy diversity.

members there may be."). This unbroken chain of diversity is not present here. The undersigned thus finds that Arkla has failed to establish the necessity of the requested discovery as it is unlikely to produce the facts needed to withstand a Rule 12(b)(1) motion.

Accordingly, it is RECOMMENDED that Arkla's motion be denied and the case dismissed without prejudice for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Arkla Workforce Solutions, LLC's motion for jurisdictional discovery [doc. #34] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 10th day of June, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE